UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

IN THE MATTER OF THE SEARCH OF:　　　　Case No. 1:20-mj- \ 8 5
A USPS Mail Parcel now in the Custody of the　　Magistrate Judge Lee
United States Postal Inspection Service

## AFFIDAVIT

I, Jedidiah Hutchison, being duly sworn, hereby depose and say:

1.　　I am a Postal Inspector with the United States Postal Inspection Service. I have been employed in this capacity since 2010. I am currently assigned to the United States Postal Inspection Service Office in Chattanooga, Tennessee. I am responsible for investigating crimes involving the United States Postal Service (USPS), its employees, and its customers. These crimes include but are not limited to employee assaults, mail fraud, mail theft, identity theft, and prohibited mailings including child pornography and illegal narcotics.

2.　　I am a Law Enforcement Officer under the authority of Title 18, United States Code, Section 3061. As such, I am authorized to make arrests with or without warrants for offenses made in my presence or when I have reasonable grounds to believe the person has committed or is committing a felony against the United States. I am also authorized under this statute to carry firearms and make seizures of property as provided by law.

3.　　From my training and experience, I know that the United States Postal Service is frequently used to transport illegal narcotics to areas throughout the United States. I am also aware that the United States Postal Service is used to send the proceeds relating to narcotics distribution back to the narcotics source of supply. I also know that the reason drug traffickers use the United States Mail to ship controlled substances and their proceeds is because of the speed and protection afforded the United States Mail.

Page **1** of **4**

4. Title 21, United States Code, Section 841 makes it an offense for any person to manufacture, distribute, or possess with intent to manufacture or distribute, a controlled substance. Title 21, United States Code, Section 843(b) makes it an offense for any person knowingly or intentionally to use any communication facility in committing or in causing to facilitate the commission of any act or acts constituting a felony under any provisions of Subchapter I or Subchapter II of the Drug Abuse Prevention and Control Act. Title 21, United States Code, Section 846 makes it an offense to conspire to commit an offense set out in Title 21. Under Title 18 United States Code, Section 1342 makes it illegal to receive mail matter or parcels addressed to fictitious names while carrying on unlawful business.

5. To combat the distribution of illegal narcotics and their proceeds, certain investigative techniques are utilized by Postal Inspectors. What follows is not meant to set forth all exhaustive investigative knowledge of this case or investigative techniques used, but only those facts necessary in order to establish probable cause.

## RELEVANT FACTS

6. On November 16, 2020 I identified the following inbound parcel as suspicious:

FROM:

MICHAELS CAR STEREO
507 W FIRST ST
SANTA ANA, CA 92703

TO:

JOHNNY HARGIS JR
308 BIRCH AVE
SOUTH PITTSBURG, TN 37380

The parcel is identified by tracking number: 9400 1368 9784 6291 5008 80

7. The reasons I believe the above parcel contains illegal narcotics include, but are not limited to the following factors:

8. This package is addressed from a known "Source State", that is, a state that tends to supply a large amount of illegal narcotics to the Eastern District of Tennessee. It is common practice for proceeds from the sales of these illegal narcotics to be sent back to the source state via US Mail.

9. Using publically available databases, I researched "Michaels Car Stero" in Santa Ana, CA and discovered that there is a business by that name at a different address, however, the return address provided on the parcel is actually associated to a residential apartment complex. It is common practice for narcotics traffickers to utilize fictitious return addresses when shipping illegal narcotics in order to conceal the actual identity of the sender.

10. On November 16, 2020, I met with K-9 Drug Detector Dog Unit Officer Rich Thomas and his K-9 "Marci." K-9 Marci conducted exterior examinations of the above parcel along with three (3) other parcels of similar size and weight. I was present when the parcels were presented to K-9 Marci by her handler, Officer Thomas. Officer Thomas informed me that K-9 Marci demonstrated a positive alert on the parcel bearing the above address (i.e., the parcel that is the object of the applied-for warrant). That is, K-9 Marci indicated through her response to the examination that the parcel exhibited the scent of illegal narcotics she was trained to detect.

11. I have been advised of the qualifications of the K-9 handler and his narcotics detector canine. K-9 Marci is trained to detect the odor of illegal narcotics including but not limited to marijuana, cocaine, heroin, and methamphetamine. K-9 Marci and Officer Thomas have met standards set forth by the United States Police Canine Association and are certified as a K9 unit by the Tennessee Highway Patrol. For approximately five years, K-9 Marci and Officer Thomas have completed bi-monthly training sessions, including K-9 drug detection techniques,

handling and handler-dog communication. Additionally, K-9 Marci and Officer Thomas engage in a minimum of at least 16 hours per month of training in drug detection techniques, handling, and handler-dog communication. K-9 Marci has been in service for approximately five years, during which time, she has proven reliable in detecting narcotics odor, including the odor of marijuana, cocaine, heroin, and methamphetamine.

12. Based on the facts set forth in this affidavit, I believe there is probable cause to believe that the above mentioned parcel contains controlled substances, currency, paraphernalia, or other evidence that relates to trafficking of controlled substances, in violation of Title 21, United States Code, Sections 841(a)(1) (distribution and possession with intent to distribute a controlled substance) and 843(b) (unlawful use of a communication facility, including the U.S. Mails, to facilitate the distribution of a controlled substance).

13. The subject parcel has been maintained unopened in my custody pending application for a search warrant.

FURTHER AFFIANT SAYETH NAUGHT.

Jedidiah Hutchison
Postal Inspector
United States Postal Inspection Service

Subscribed and sworn to before me this 17th day of November, 2020

Hon. Susan K Lee
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

IN THE MATTER OF THE SEARCH OF:
A USPS Mail Parcel now in the Custody of the
United States Postal Inspection Service

Case No. 1:20-mj- 185
Magistrate Judge Lee

## ATTACHMENT A

### DESCRIPTION OF THE PROPERTY TO BE SEARCHED

USPS MAIL PARCEL IDENTIFIED BY TRACKING NUMBER

9400 1368 9784 6291 5008 80

ADDRESSED TO:

JOHNNY HARGIS JR
308 BIRCH AVE
SOUTH PITTSBURG, TN 37380

that is now in the custody of the United States Postal Inspection Service in the Eastern District of Tennessee.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

IN THE MATTER OF THE SEARCH OF:
A USPS Mail Parcel now in the Custody of the
United States Postal Inspection Service

Case No. 1:20-mj- 185
Magistrate Judge Lee

## ATTACHMENT B

### LIST OF ITEMS AUTHORIZED TO BE SEARCHED FOR AND SEIZED PURSUANT TO SEARCH WARRANT

1. One US Mail Parcel described above.

2. Books, photographs, records, receipts, notes, ledgers and other papers which show the transportation, ordering, purchase, distribution, possession, sale or manufacture of controlled substances;

3. Address and/or telephone books and papers reflecting names, addresses, and/or telephone numbers, written or typed by hand as opposed to printed commercially;

4. Letters, records, computerized and electronic records, receipts, bank statements and records, money drafts, letters of credit, wire transfers, safe deposit box keys, money order and cashier's check receipts, passbooks, bank checks, and other items that reflect the expenditure, obtaining, secreting, transfer or concealment of drug proceeds;

5. United States currency, precious metals, jewelry, and financial instruments, including, but not limited to, stocks and bonds, notes and other documents showing an accumulation of assets, wealth, or money to the extent that these items are found in such quantity, substance and/or quality as to permit a reasonable inference that such items are proceeds of drug trafficking;

6. Controlled substances, material and paraphernalia for manufacturing, packaging, cutting, weighing, and distributing controlled substances, but not limited to scales, baggies, and

packing material;

7. Indicia of occupancy, residency, and/or ownership of the premises described above and other real property, including but not limited to deeds, utility and telephone bills, canceled envelopes, and keys;

8. Papers, tickets, notes schedules, receipts and other documents relating to travel to and from drug source areas and drug distribution areas;

9. Any and all other material evidence of violations of 21 U.S.C. §§ 841, 843, and 846, which include attempt and possession with intent to distribute and distribution of controlled substances and importation of a controlled substance from a foreign country.